# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Xpress Diesel & Auto LLC, et al., | Case No.: 2:24-cv-00798-JAD-EJY |
| Plaintiffs | |
| v. | **Order Denying Defendant's Motion to Dismiss and Directing Plaintiffs to Show Cause Why this Case Should Not Be Dismissed for Lack of Subject-Matter Jurisdiction** |
| John Sorget, | |
| Defendant | |
| | [ECF No. 6] |

    This dispute arises from the acrimonious end of a business partnership.  Plaintiffs Jesse Shelton and Xpress Diesel & Auto LLC sue John Sorget for breaching an agreement to relinquish his interest in Xpress Diesel and assert several other claims.  Sorget moves to dismiss this suit under Federal Rule of Civil Procedure (FRCP) 19 for failing to include as a necessary party Stephanie Shelton, who is plaintiff Jesse Shelton's wife.  The plaintiffs oppose the motion, insisting that Stephanie[1] has no material connection to this case.  I deny Sorget's motion because he fails to show that Stephanie is indeed a necessary party under Rule 19(a).  And because Sorget signs his briefs with a Henderson, Nevada address, calling into question his alleged Michigan citizenship, I also direct the plaintiffs to show cause why this diversity-jurisdiction case shouldn't be dismissed for lack of subject-matter jurisdiction.

---

[1] Because Jesse Shelton and Stephanie Shelton share a last name, I refer to Stephanie Shelton only by her first name throughout this order.  No disrespect is intended by doing so.

**Background**[2]

John Sorget and Jesse Shelton were the original owners of the "truck and automotive service and repair shop" Xpress Diesel & Auto LLC.[3] In 2020, Sorget sold his interest in Xpress Diesel to Shelton for $15,000 and a promise that Shelton or Xpress Diesel would continue to fund health insurance for Sorget's family for one year after execution of the purchase agreement.[4] Sorget also agreed to transfer a Load Trail Trailer to Shelton.[5] The deal was memorialized in a written contract dated October 9, 2020.[6]

Shelton claims that he fulfilled his financial obligations under the agreement but Sorget refused to file the Internal Revenue Service (IRS) form 8822-B necessary to notify the IRS that his interest in Xpress Diesel has transferred to Shelton.[7] The plaintiffs also allege that Sorget breached a boat-sale agreement and made disparaging false statements about Shelton. So they assert claims for breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, interference with contractual relations, and intentional interference with prospective economic advantage.[8] Sorget responds with a motion to dismiss under Rule 19.[9] He argues that Stephanie, Jesse Shelton's wife, is a necessary party and the plaintiffs' failure to include her as a named plaintiff requires the court to dismiss their suit.

---

[2] This is a summary of facts alleged in the plaintiffs' complaint, ECF No. 1, and should not be construed as findings of fact.
[3] ECF No. 1 at 3, ¶ 10.
[4] *Id.* at ¶ 11.
[5] *Id.*
[6] *Id.*
[7] *Id.* at 3–4, ¶ 12.
[8] *Id.* at 5–13. Plaintiffs' third claim states only remedies (specific performance, rescission, and replevin) rather than a cause of action.
[9] ECF No. 6.

**Discussion**

**A.   Rule 19 sets out a three-step process for dismissal based on failure to join a necessary party.**

The Ninth Circuit has described Rule 19 as a three-step process with dismissal as the final step.[10] The court first must determine whether an absent party is required for the suit to proceed.[11] The three ways a party can be necessary for Rule 19 purposes are described in the Rule 19(a).[12] That subsection states that a nonparty is "required" and must be joined in the suit if (1) the court cannot grant "complete relief among the existing parties" unless the nonparty is joined or the nonparty claims an interest in the matter and her absence may (2) "impair or impede" the nonparty's ability to protect her interest in the matter or (3) create a substantial risk of "double, multiple, or otherwise inconsistent obligations" for an existing party.[13] If the party is necessary, the court must then determine whether joinder is feasible.[14] If it's not feasible, the final step is determining whether the action should continue without that party or be dismissed.[15] A suit must be dismissed at the third step if the court finds that the absent party is "indispensable."[16]

---

[10] *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 48 F.4th 934, 943 (9th Cir. 2022) (quoting Fed. R. Civ. Pro. 19).

[11] *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999).

[12] Fed. R. Civ. P. 19(a).

[13] *Id.*

[14] *Bowen*, 172 F.3d at 688.

[15] *Id.*

[16] *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968).

**B.      Sorget has not established that Stephanie Shelton is a necessary party under FRCP 19(a).**

As the party moving for dismissal under Rule 19, Sorget bears the burden of showing that Stephanie is a necessary party.[17] Whether a nonparty must be joined is a fact-specific analysis that "can only be determined in the context of particular litigation."[18] To reach dismissal, Sorget first must provide sufficient evidentiary support to satisfy steps one and two: establishing that Stephanie is a necessary party under Rule 19(a) and that she cannot feasibly be joined.[19]

*1.      Sorget has not shown that Stephanie's absence prevents complete relief among the existing parties.*

The first provision of Rule 19(a) provides that a party is necessary if her absence prevents the court from granting "complete relief among existing parties."[20] This provision is designed to promote "consummate rather than partial or hollow relief as to those already parties."[21] In other words, a court's analysis of complete relief focuses on meaningful relief between existing parties rather than to the nonparty.[22] Sorget does not argue that Stephanie's absence bars meaningful relief to the existing parties, and plaintiffs maintain that they can be made whole without Stephanie's involvement.[23] And Sorget's allegations about Stephanie's actions involving Xpress Diesel—like applying for PPP grants or fraudulently taking ownership of a car originally

---

[17] *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999).

[18] *Provident Tradesmens*, 390 U.S. at 118.

[19] *Bowen*, 172 F.3d at 688.

[20] Fed. R. Civ. P. 19(a).

[21] *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

[22] *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013).

[23] *See* ECF No. 7 at 2 (stating that "Stephanie has nothing material to do with dispute between Plaintiffs and Defendant in this matter").

4

belonging to Sorget[24]—appear to be unrelated to the crux of the plaintiffs' complaint. As Stephanie's actions are distinct from the issues in the complaint, they have no bearing on whether the listed parties could obtain complete relief on the claims currently pending before the court.

### 2. Sorget has not shown that Stephanie claims a legally protected interest in this action, so he cannot meet either provision of Rule 19(a)(1)(B).

A party is necessary under Rule 19(a)(1)(B) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."[25] Mandatory joinder is "contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action."[26] There are "few categorical rules informing this inquiry,"[27] but merely having a personal stake in the outcome of a case is not enough.[28]

Sorget avers that Stephanie "has made several written claims to [third] parties about retribution she believes she is owed in regards to claims made within the complaint"[29] and that she has "used her personal Venmo to make and [receive] several payments the Plaintiffs [claim]

---

[24] ECF No. 9 at 2.

[25] Fed. R. Civ. P. 19(b).

[26] *Northrop Corp.*, 705 F.2d at 1043.

[27] *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008).

[28] *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 996 (9th Cir. 2020).

[29] ECF No. 6 at 8, ¶ 2.

do not exist" without providing documentation of the written claims or Venmo payments.[30] As the wife of a plaintiff, Stephanie likely has some financial interest in the outcome of this litigation. But just having a "financial stake" in the outcome of these claims is not a legally protected interest.[31] Sorget insists that Stephanie owns 50% of Xpress Auto and seems to argue that she is required to be a party to this suit based on that ownership share.[32] He states that Stephanie used that position to apply for "PPP grants" that are his "liability."[33] But Sorget cites no Nevada law on limited-liability companies that would suggest that membership in an LLC makes that member a necessary party to a lawsuit involving the LLC.[34]

While Sorget also contends that Stephanie makes decisions on behalf of Xpress Diesel, he offers no facts to support that conclusory assertion.[35] The record reflects that Stephanie is not a party to any of the agreements at issue (the contract submitted by the plaintiffs shows Jesse Shelton and John Sorget as the only parties),[36] and nonparties to commercial contracts are generally not necessary parties for adjudicating contract rights.[37] Analysis under Rule 19(a) is "practical [] and fact specific,"[38] and Sorget has not supplied the facts that would allow this court

---

[30] *Id.* at ¶ 3.

[31] *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

[32] *See* ECF No. 9 at 2 (stating that Stephanie "legally does not have the luxury of excusing herself from the action because she owns 50% of the company in dispute").

[33] *Id.*

[34] *See, e.g.*, Nev. Rev. Stat. §§ 86.011–86.590 (2023) (available on the Nevada Legislature's website).

[35] ECF No. 9 at 2.

[36] ECF No. 1 at 17.

[37] *Northrop Corp.*, 705 F.2d at 1043.

[38] *Dine Citizens Against Ruining Our Env't v. Bureau of Indian Affairs,* 932 F.3d 843, 851 (9th Cir. 2019) (quoting *White v. Univ. of Cal.*, 765 F.3d 1010, 1026 (9th Cir. 2014)).

to find that Stephanie has a legally protected interest in this matter through her connection to Xpress Diesel.

The fact that Stephanie has not chosen to participate in this lawsuit is further indication that she is not a necessary party.[39] The Ninth Circuit's decision in *United States ex rel. Morongo Band of Mission Indians v. Rose* illustrates the importance of that choice to the Rule 19 analysis. The court affirmed the denial of a motion to dismiss for failure to join a party who had originally been a defendant but had stipulated to be let out of the case.[40] It reasoned that it was inappropriate for the movant to "champion" the "absent party's interests" when his "voluntary dismissal indicates that [he] himself did not feel that it was necessarily in his interest to remain a party in this action."[41] The court also highlighted that a purpose of Rule 19 "is to protect the legitimate interests of absent parties . . . ."[42]

Here, it would appear that Stephanie is aware of this action due to her connection to Xpress Diesel and marriage to Plaintiff Shelton, but she has chosen not to prosecute any legal claims of her own. Like the voluntarily absent party in *Rose*, Stephanie apparently does not feel it is in her interest to participate in this case. It would thus be inappropriate for Sorget to

---

[39] *In re County of Orange*, 262 F.3d 1014, 1023 (9th Cir. 2001) (rejecting Orange County's argument that certain districts of California had a legally protected interest in the action because the districts themselves had not claimed such an interest); *Bowen*, 172 F.3d at 688–89 (affirming the district court's holding that the defendant could not assert that a nonparty had a legally protected interest in the action because the nonparty itself had not claimed such an interest); *Northrop Corp.*, 705 F.2d at 1043–44 (emphasizing that the nonparty had never asserted a "formal interest" in the action and finding no reason to "second-guess the [nonparty's] assessment of its own interests").

[40] *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir. 1994).

[41] *Id.*

[42] *Id.*

champion her interests. So I find that Sorget has not shown that Stephanie has an interest requiring her joinder under Rule 19(a)(1)(B).

### 3. *Even if Stephanie did claim an interest, Sorget has not shown that her absence creates a "substantial risk" of multiple or inconsistent obligations for an existing party.*

Sorget argues that Stephanie must be joined to protect all parties from "redundant claims"[43] and cites to Rule 19(a)(1)(B)(II) as support.[44] Rule 19(a)(1)(B)(II) provides that a party is necessary if her absence creates a "substantial risk of [] double, multiple, or otherwise inconsistent obligations" for an existing party.[45] To satisfy this provision, there must be a "clear potential for inconsistency" between a party's obligations to existing and absent parties.[46] For example, the risk of multiple or inconsistent obligations often arises when nonparties are entitled to a limited fund that is being allocated to existing parties.[47] The Ninth Circuit has rejected inconsistent-obligation arguments when parties failed to show "how such a conflict might actually arise."[48]

That is exactly the posture here. Sorget has not explained how any inconsistent obligations would actually arise. It is not enough to say that he could potentially be sued more than once—the obligations from these hypothetical multiple suits must be inconsistent with each other. Multiple inconsistent adjudications do not necessarily lead to inconsistent obligations. As the First Circuit succinctly explained in *Delgado v. Plaza Las Americas, Inc.*, "a risk that a

---

[43] ECF No. 9 at 2.
[44] ECF No. 6 at 3.
[45] Fed. R. Civ. P. 19(a)(1)(B)(ii).
[46] *Washington v. Daley*, 173 F.3d 1158, 1168 (9th Cir. 1999).
[47] *Rose*, 34 F.3d at 908.
[48] *Southwest Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1154 (9th Cir. 1998).

defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action" under Rule 19(a).[49] So even assuming that Stephanie has a legally protected interest, Sorget hasn't shown how inconsistent obligations would arise if Stephanie was not made a party.

Sorget has failed to show that Stephanie is a necessary party under any prong of Rule 19(a). A Rule 19(b) analysis of whether to dismiss a case is unnecessary if the threshold requirement of Rule 19(a) has not been met.[50] So I deny this motion to dismiss for failure to name a necessary and indispensable party.

**C.     Sorget must evaluate his proper path for asserting claims against Stephanie Shelton.**

It appears that one of Sorget's primary reasons for insisting on Stephanie's presence in this case is his intention to assert his own claims.[51] If Sorget wishes to assert claims against Stephanie, he should familiarize himself with potentially relevant rules of civil procedure, including FRCP 13(h), 14, 19, and 20.

**D.     The plaintiffs must demonstrate that Sorget was not a resident of Nevada at the time the complaint was filed.**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[52] The party asserting federal jurisdiction has the

---

[49] *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (cleaned up).

[50] *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990); *Alto*, 738 F.3d at 1126.

[51] *See* ECF No. 6 at 3 (discussing an "expected counter claim" that would require Stephanie's presence).

[52] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

9

burden of establishing subject-matter jurisdiction,[53] and Rule 12(h)(3) requires the court to dismiss a complaint if subject-matter jurisdiction is lacking.[54]

The plaintiffs invoke this court's federal jurisdiction based on diversity.[55] For diversity jurisdiction to exist, the citizenship of the plaintiffs and defendants must have been completely diverse at the time the complaint was filed.[56] In the complaint, the plaintiffs allege that they are Nevada citizens[57] and Sorget is a Michigan resident.[58] But Sorget's recent briefs were dispatched from an address in Henderson, Nevada, raising this court's suspicion that complete diversity may be lacking.[59] Because it appears that Sorget lives in Nevada and may have lived here within two months of the complaint being filed, I order the plaintiffs to show cause in writing why this case shouldn't be dismissed for want of subject-matter jurisdiction by demonstrating that Sorget was not a citizen of Nevada at the time the complaint was filed. Failure to timely show cause may result in dismissal of this case for want of subject-matter jurisdiction.

## Conclusion

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 6] is DENIED.** Sorget must file an answer to the plaintiffs' complaint by September 20, 2024. He alone is also

---

[53] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).
[54] Fed. R. Civ. P. 12(h)(3).
[55] ECF No. 1 at 2–3, ¶ 8.
[56] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).
[57] *Id.* at 1, ¶¶ 1–2.
[58] *Id.* at 2, ¶ 4.
[59] ECF No. 6 at 1; ECF No. 9 at 1.

responsible for timely and proper assertion of any counterclaims, cross-claims, and third-party claims.

IT IS FURTHER ORDERED that **the plaintiffs must show cause in writing by September 16, 2024, why this case should not be dismissed for lack of subject-matter jurisdiction**.  Sorget will have 10 days after the filing of that brief to respond.  No further briefing on this issue will be entertained.

_____
U.S. District Judge Jennifer A. Dorsey
September 6, 2024

11