UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Xpress Diesel & Auto LLC, et al., | Case No.: 2:24-cv-00798-JAD-EJY |
| Plaintiffs v. | **Order Denying Motion to Set Aside Orders** |
| John Sorget, | [ECF No. 24] |
| Defendant | |

    This dispute arises from the acrimonious end of a business partnership. Plaintiffs Jesse Shelton and Xpress Diesel & Auto LLC sue John Sorget for breaching an agreement to relinquish his interest in Xpress Diesel and assert several other claims. Sorget moves to set aside three court orders: (1) an August 19, 2024, magistrate judge order discussing the parties' obligations with respect to filing a proposed scheduling order, filed at ECF No. 12; (2) the September 6, 2024, district court order at ECF No. 16, denying Sorget's motion to dismiss, and because there was confusion in the record over Sorget's state of citizenship, the parties were ordered to provide evidence of Sorget's citizenship by September 16, 2024; and (3) the district court's January 22, 2025, minute order at ECF No. 19, finding that the plaintiffs had satisfied their obligation to establish that Sorget was a citizen of Michigan and thus diverse from the plaintiffs.

    Although Sorget brings his motion under Federal Rule of Civil Procedure (FRCP) 60, that rule is the wrong vehicle for his challenge. FRCP 60(a) does allow the court to correct small errors in orders that are clerical or result from mere oversight or omission.[1] But the problems that Sorget claims these orders have are not of that type, so FRCP 60(a) doesn't apply to his

---

[1] Fed. R. Civ. P. 60(a).

request. He also cites to FRCP 60(b) and suggests that these orders should be "set[] aside for fraud, misrepresentation, or misconduct."[2] But FRCP 60(b) applies only to final orders or judgments, not mid-case, interlocutory rulings like the ones that Sorget is challenging by this motion.[3]

Challenges to non-final orders like these are governed by this court's Local Rule 59-1, which contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[4] The rule cautions that "[m]otions for reconsideration are disfavored," and "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions."[5] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled,"[6] and it may not be based on arguments or evidence that could have been raised previously.[7]

---

[2] ECF No. 24 at 3.

[3] Fed. R. Civ. P. 60(b).

[4] L.R. 59-1(a).

[5] L.R. 59-1(b). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). While the Ninth Circuit has not established a standard of review for motions to reconsider interlocutory orders like this one, district courts frequently apply the standard applicable to FRCP 59(e) motions to reconsider final judgments. *See In re Intel Corp. CPU Mktg., Sales Pracs. & Prods. Liab. Litig.*, 614 F. Supp. 3d 783, 788 (D. Or. 2022), aff'd, 2023 WL 7211394 (9th Cir. 2023) (collecting authorities).

[6] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[7] *See Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

It appears that Sorget's primary complaint is that he never received notice of any of this court's orders that he objects to, suggesting that any conclusion by this court that he was not actively participating or complying with its orders wasn't his fault.[8]  The Clerk's office has confirmed that Sorget is right about this lack of notice.  The court didn't start sending him anything until after he filed his answer and counterclaim on January 26, 2025.

But what relief is appropriate as a result of that oversight is not made clear by Sorget's motion, in large part because he combines his objections to three distinct orders into a single filing.  Sorget makes reference to this court lacking subject-matter jurisdiction, presumably related to the questions involving his state of citizenship,[9] but it remains entirely unclear what state Sorget claims to have been a citizen of at the time this case was commenced on April 25, 2024.  A person's state of "citizenship is determined by [his] state of domicile.  A person's domicile is [his] permanent home, where []he resides with the intention to remain or to which []he intends to return."[10]  This differs from residency, which depends on mere physical presence.[11]  If Sorget contends that he was a citizen of Nevada at the time the complaint was filed, he will need to provide evidence to satisfy the domicile standard.

IT IS THEREFORE ORDERED that Sorget's motion to set aside the orders **[ECF No. 24] is DENIED** without prejudice to his ability to file new motions by August 15, 2025, that

---

[8] ECF No. 24.  Sorget also suggests that plaintiffs' counsel "should not be representing the plaintiffs," *id*. at 3, but the proper vehicle for raising that argument would be a motion for disqualification.

[9] *Id*. at 3.

[10] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

[11] *Id*.

separately address each of these orders under the proper standards, and which state specifically what relief he wants with respect to each order.

                                                                      _____
                                                                U.S. District Judge Jennifer A. Dorsey
                                                                               July 16, 2025