# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Xpress Diesel & Auto LLC, et al.,

    Plaintiffs

v.

John Sorget,

    Defendant

Case No.: 2:24-cv-00798-JAD-EJY

**Order Granting Motion for Reconsideration and Dismissing Case for Lack of Subject Matter Jurisdiction**

[ECF No. 29]

    Plaintiffs Xpress Diesel & Auto LLC and Jesse Shelton sue John Sorget for breaching an agreement to relinquish his interest in Xpress Diesel, among other state-law claims. In August 2024, I asked the plaintiffs to file a supplemental brief explaining why this court has subject-matter jurisdiction over this case because it appeared that all parties were Nevada residents. The plaintiffs responded, arguing (without any supporting declarations or documents) that they believed Sorget was domiciled in Michigan when they filed the complaint, based on a private investigation and unspecified statements that Sorget had made in communications with the plaintiffs. Sorget didn't respond, so on January 22, 2025, I concluded that the plaintiffs had satisfied "their obligation to demonstrate that Sorget was a citizen of Michigan at the time the complaint was filed."[1]

    About three months later, Sorget moved to set aside three orders, asserting that he did not receive notice of any of them.[2] I confirmed with the Clerk of Court's office that Sorget was indeed not sent the court's correspondence until January 26, 2025.[3] So, although I denied his

---

[1] ECF No. 19.
[2] ECF No. 24.
[3] ECF No. 28 at 3.

motion to set aside because it didn't set out the applicable standards or clearly articulate the relief he sought, I permitted him to file new motions if he could correct those deficiencies.[4]

Sorget then filed a motion to reconsider my order finding that the plaintiffs had adequately shown that diversity jurisdiction exists in this case.[5] He attaches evidence to show that he sold his Michigan house, leased an apartment in Henderson, Nevada, registered his children for school within the Clark County School District, and got a Nevada commercial driver's license before the complaint was filed in this case.[6] The plaintiffs respond that Sorget's motion doesn't meet the standards for reconsideration. But because Sorget was unable to raise these issues earlier due to court error, I find that he has properly shown that the court's decision was manifestly unjust. And based on the new evidence that Sorget provides, I find that my determination of jurisdiction was erroneous. So, because it is now clear that the parties are not diverse in this state-law case, I dismiss it.

## Discussion

**A.    Sorget's reconsideration motion is properly brought.**

Sorget asks that I reconsider my finding that the plaintiffs have adequately shown that diversity jurisdiction binds this case to this court. Local Rule 59-1 permits reconsideration of interlocutory orders if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[7]

---

[4] *Id.* at 3–4.
[5] ECF No. 29.
[6] *Id.*
[7] L.R. 59-1(a).

The plaintiffs contend that Sorget's motion fails because he could have raised his arguments earlier but chose not to.  They say that "[n]either the [c]ourt [n]or the Clerk has ever verified that a clerical error took place with regard to [the court's order finding jurisdiction] or any other matters in this case" and assert that "the Clerk's office, electronic service[,] and the like have all done their job."[8]  The plaintiffs are wrong.  In my order denying Sorget's motion to set aside, I explained: "The Clerk's office has confirmed that Sorget is right about this lack of notice.  The court didn't start sending him anything until after he filed his answer and counterclaim on January 26, 2025."[9]  And I permitted Sorget to file new motions under the proper legal standard, containing specific requests for relief.  His motion for reconsideration has done that.  And because Sorget was unable to respond to orders that he was not aware of, it would be manifestly unjust for this court to prevent him from raising his arguments now.

The plaintiffs also argue that the motion for reconsideration must be denied because it was not filed within 28 days of the order Sorget asks the court to reconsider.[10]  But the 28-day deadline, found in Federal Rule of Civil Procedure 59(e), applies to motions to alter or amend judgment, not to motions to reconsider interlocutory orders.  A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction.[11]  This power "is derived from the common law, not from the Federal Rules of Civil Procedure."[12]  And there is no rule that this court is

---

[8] ECF No. 31.

[9] ECF No. 28 at 3.

[10] ECF No. 31 at 2–3.

[11] *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

[12] *Id.* at 886.

aware of that imposes a firm deadline on reconsideration motions of interlocutory orders. Instead, this court's local rules permit such reconsideration motions to be brought "within a reasonable time."[13] And here, Sorget filed his motion for reconsideration within a month of receiving my order explaining what he needed to do to properly challenge my earlier jurisdictional order. I find that he brought this motion within a reasonable time, so I consider the merits of his reconsideration motion.

**B.     Sorget has shown that this court lacks subject-matter jurisdiction.**

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."[14] The party asserting federal jurisdiction has the burden of establishing that it exists,[15] and Rule 12(h)(3) requires the court to dismiss a complaint if subject-matter jurisdiction is lacking.[16] The plaintiffs invoke this court's federal jurisdiction based on diversity.[17] For diversity jurisdiction to exist, the citizenship of the plaintiffs and defendants must have been completely diverse at the time the complaint was filed.[18]

A person's state of "citizenship is determined by [his] state of domicile. A person's domicile is [his] permanent home, where []he resides with the intention to remain or to which []he intends to return."[19] "The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling) including: current residence,

---

[13] L.R. 59-1(c).
[14] *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).
[15] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).
[16] Fed. R. Civ. P. 12(h)(3).
[17] ECF No. 1 at 2–3, ¶ 8.
[18] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).
[19] *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."[20]  If a person recently changed his domicile, the Ninth Circuit applies a presumption in favor of the older, established domicile instead of the newly acquired one.[21]  This presumption shifts the burden of production of evidence to the defendant, but the plaintiff continues to bear the burden of proof to show that diversity jurisdiction exists.[22]

       I initially raised lack-of-jurisdiction concerns when it became clear that Sorget was filing his pleadings from a Nevada address.  So I ordered the plaintiffs to show cause why this case shouldn't be dismissed for lack of jurisdiction, and permitted Sorget to file a response.  In response, the plaintiffs explained without any supporting declarations or evidence that they conducted a background investigation into Sorget's location and discovered "active business interests" and a home address in Michigan.[23]  The plaintiffs also claimed that they had conversations with Sorget in which he "made statements indicating [that] he lived in Michigan."[24]  Sorget did not file a response, so I concluded that the plaintiffs had "met their obligation to demonstrate that Sorget was a citizen of Michigan at the time the complaint was filed."[25]

---

[20] *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

[21] *Id.* at 751.

[22] *Id.*

[23] ECF No. 17 at 3.

[24] *Id.*

[25] ECF No. 19 (minute order discharging order to show cause).

5

But we now know that Sorget didn't respond because, due to inadvertent error, he was not receiving the court's orders.[26] In his motion for reconsideration, he provides evidence showing that he sold his Michigan house and signed a lease for a home in Nevada in February 2024. He also enrolled his kids to attend school within the Clark County School District and got a Nevada commercial driver's license in March 2024. These documents show that Sorget maintained a physical presence in Nevada before the complaint was filed in April 2024 and intends to remain here. And the plaintiffs have not met their burden of proof to show that Sorget is not a Nevada resident. Their initial showing was weak and did not rely on any supporting evidence or declarations to suggest that Sorget was a Michigan citizen. Their response to Sorget's reconsideration motion does not provide any additional information to combat Sorget's evidence showing an intent to reside in Nevada. So I conclude that complete diversity does not exist between the plaintiffs and defendant, all of whom are Nevada residents. Because this court thus lacks subject-matter jurisdiction over this case,[27] I dismiss it.[28]

---

[26] ECF No. 28 at 3.

[27] In the plaintiffs' initial response to the order to show cause concerning jurisdiction, they suggested that federal-question jurisdiction may exist because some of the allegations in the complaint pertain to Sorget's interactions with the IRS. ECF No. 17 at 4. But federal-question jurisdiction only exists for civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiffs admit that their claims—for breach of contract, unjust enrichment, specific performance, and breach of the implied covenant of good faith and fair dealing—are state-law claims. Because the plaintiffs' claims unequivocally arise under state law, federal-question jurisdiction does not exist here.

[28] In earlier briefings, the plaintiffs also asked the court to remand this case to state court if it found that it lacks jurisdiction. ECF No. 17 at 5. But remand is available only if the case was initially filed in state court and then removed to federal court. *See* 28 U.S.C. § 1447. Because this case originated in federal court, it cannot be remanded.

**Conclusion**

IT IS THEREFORE ORDERED that John Sorget's motion for reconsideration **[ECF No. 29] is GRANTED**. This case is DISMISSED without prejudice for lack of subject-matter jurisdiction. **The Clerk of Court is directed to CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 17, 2025